IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SERGIO FUENTES, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:21-CV-1328-O |
| | § | (NO. 4:19-CR-164-O) |
| | § | |
| | § | (Consolidated with |
| | § | NO. 4:21-CV-1329-O |
| | § | (NO. 4:19-CR-251-O)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motions of Sergio Fuentes, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motions, the government's response, the reply, the records, including the records in the underlying criminal cases, Nos. 4:19-CR-164-O and 4:19-CR-251-O, and applicable authorities, finds that the motions should be denied.

**I.     BACKGROUND**

The record in Case No. 4:19-CR-164-O reflects the following:

On May 22, 2019, movant was named in a one-count indictment charging him with possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). CR Doc.[1] 19. Movant initially entered a plea of not guilty. CR Doc. 24. On September 4, 2019, movant entered a plea of guilty. CR Doc. 39. He and his attorney signed a plea agreement pursuant to which he

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in Case No. 4:19-CR-164-O.

acknowledged that he faced a period of imprisonment of not less than five years nor more than 40; that the sentencing would be within the Court's discretion; that the government would recommend a sentence at the low end of the sentencing guidelines and that it run concurrently with the sentence imposed in a case to be transferred from the Northern District of Illinois (later assigned No. 4:19-CR-251-O); that the recommendation was not binding on the Court; and that movant waived his right to appeal and his right to contest the conviction and sentence in any collateral proceeding except in certain circumstances. CR Doc. 37. Movant and his attorney also signed a factual resume, which also gave movant notice that he faced a term of imprisonment of not less than five years or more than 40. CR Doc. 36. The factual resume also listed the elements of the offense and the stipulated facts establishing that movant had committed the offense. *Id.* At re-arraignment, movant testified under oath that he understood the elements of the offense and admitted that he had committed all of those elements; he had discussed with his attorney the charge, the issue of punishment, and how the sentencing guidelines might apply in his case; he had signed the plea agreement and understood everything in it, in particular, the paragraph concerning waiver of appeal; his plea agreement, including the waiver, was knowing and voluntary; no one had made any promise or assurance of any kind or any threat to induce him to enter into a plea of guilty; he understood that he faced a term of imprisonment of not less than five years or more than 40. CR Doc. 74. The Magistrate Judge issued a report of action and recommendation that the plea be accepted. CR Doc. 41. No objections were filed and the Court accepted the report and recommendation. CR Doc. 44.

The record in Case No. 4:19-CR-251-O reflects that on August 27, 2019, the Court received the transfer of a case against movant initiated in the Northern District of Illinois. 251 Doc.[2] 1. In that case, movant was named in a two-count indictment, charging him in count one with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a mixture and substance containing a detectable amount of heroin, and a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846, and in count two with possession with intent to distribute the same, in violation of 21 U.S.C. § 841(a)(1). *Id.* On August 28, 2019, movant and his attorney signed a plea agreement, 251 Doc. 4, and factual resume. 251 Doc. 3. The factual resume reflected that movant was pleading guilty to count one of the indictment and set forth the penalties the Court could impose including imprisonment for a term not to exceed 20 years, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. 251 Doc. 3. The plea agreement likewise stated that movant faced a term of imprisonment not to exceed 20 years. Otherwise, it contained the same provisions as the plea agreement in Case No. 4:19-CR-164-O. 251 Doc. 4.

On September 4, 2019, movant entered a plea of guilty to count one in Case No. 4:19-CR-251-O during the same proceeding as the re-arraignment in Case No. 4:19-CR-164-O. 251 Doc. 7; 251 Doc. 43. The same admonishments were given and movant testified under oath to the same matters with regard to the second case. *Id.* The Magistrate Judge issued a report of action and recommendation that the plea agreement be accepted. 251 Doc. 9. No objections were filed and the Court accepted the report and recommendation. 251 Doc. 13.

---

[2] The "251 Doc. __" reference is to the number of the item on the docket in Case No. 4:19-CR-251-O.

3

The probation officer prepared a presentence report that reflected that movant's guideline imprisonment range was 324 to 405 months. CR Doc. 47; 251 Doc. 14.

On December 19, 2019, the Court sentenced movant to terms of imprisonment of 180 months in each case to run concurrently with each other. CR Doc. 56; 251 Doc. 24.

Despite having waived his right to appeal, movant filed notices of appeal in both cases. CR Doc. 60; 251 Doc. 29. The appeals were dismissed as frivolous. *United States v. Fuentes*, 822 F. App'x 303 (5th Cir. 2020).

## II. GROUNDS OF THE MOTIONS

On December 6, 2021, the clerk received for filing a motion under § 2255 reflecting that it related to both underlying criminal cases. The clerk opened two civil actions, filing the same documents in each. The Court ordered that movant refile his motions using the appropriate forms. He has done so and the motions are almost identical, the same grounds being presented in each. The Court has consolidated the cases.

Movant urges three grounds. First, he says his conviction was obtained by a plea of guilty that was unlawfully induced, not made voluntarily, or made without understanding the nature of the charges and consequences of the plea. Second, the conviction was obtained by the use of evidence gained pursuant to an illegal search and seizure. And, third, he was denied effective assistance of counsel.

## III. APPLICABLE STANDARDS OF REVIEW

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152,

4

164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d

750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

IV. ANALYSIS

Movant's plea agreements in each case included the following language:

> 14. **Waiver of right to appeal or otherwise challenge sentence:** The defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine, order of restitution, and order of forfeiture. The defendant further waives his right to contest his conviction, sentence, fine, order of restitution, and order of forfeiture in any collateral proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves his rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

CR Doc. 37 at 6–7; 251 Doc. 4 at 6–7. The Fifth Circuit has determined that an informed and voluntary waiver of post-conviction relief is effective to bar such relief. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The Court specifically discussed the waivers with movant and found that the waivers here were knowing and voluntary. CR Doc. 74; 251 Doc. 43.

6

To the extent that movant complains about any error in the calculation of his guideline range, he has waived such a complaint.[3] Additionally, these allegations were not raised on appeal and movant has not shown cause and prejudice to be able to assert them here. *See United States v. Guerra*, 94 F.3d 989, 993–94 (5th Cir. 1996). And, the Court's application of the sentencing guidelines does not give rise to a constitutional issue in any event. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

The contention that movant's guilty pleas were not knowing, voluntary, and intelligent is barred because it was not raised on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Even if it could be raised, the contention is belied by the record. Movant's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his factual resume and plea agreement are entitled to that presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his pleas of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *Id.* "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise

---

[3] These allegations were made in the original motions filed by movant, which the Court considers to have been superseded by the amended motions filed in response to the Court's order to use the proper form for a § 2255 motion. The Court nevertheless addresses them since the government apparently believes they are being asserted.

fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

Here, movant's guilty pleas were knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than his conclusory allegations, he has made no attempt to show otherwise. And, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for his counsel's representations. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

Movant next complains that his convictions were obtained by use of evidence gained pursuant to an unconstitutional search and seizure. The record does not support his conclusory allegations, which are insufficient to raise a constitutional issue. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Movant's guilty pleas waived all nonjurisdictional defects in the proceedings. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982). Moreover, the claim is procedurally defaulted even if it could have been raised. *Frady*, 456 U.S. at 164. And, as the government points out, the allegation is meritless. Doc.[4] 13.

Movant finally complains that he received ineffective assistance of counsel at sentencing because his attorney "failed to have drug quantity, drug purity, and Mr. Fuentes limited role in the offense brought in as mitigating factors." Doc. 6 at 7. Movant offers no support for these allegations. The record reflects that counsel did file objections to the presentence report's grouping of the two indictments, lack of acceptance of responsibility reduction, the drug-involved premises enhancement, the organizer/leader enhancement, and lack of safety-valve reduction, among other

---

[4] The "Doc. __" reference is to the number of the item on the docket in this civil action.

things. CR Doc. 50. That the Court overruled the objections does not mean movant received ineffective assistance. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983). Movant could not show prejudice in any event as he received a sentence significantly below his guideline range. He offers no reason to believe that his sentence could have been any lower.

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in movant's motions is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 25th day of May, 2022.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE